## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH KENT McGOWEN | § | |
| #1090641 | § | |
| | § | |
| V. | § | A-14-CA-1088-LY |
| | § | |
| RISSIE OWENS, TIMOTHY | § | |
| McDONNELL, ELVIS HIGHTOWER, | § | |
| TX BPP COMMISSIONER TRENTON | § | |
| MARSHALL, TX BPP COMMISSIONER | § | |
| DAVID GUTIERREZ, TX BPP BOARD | § | |
| MEMBER ROMULO CHAVEZ, | § | |
| BPP COMMISSIONER ROY GARCIA | § | |
| JAMES GILLESPIE, BPP PAROLE | § | |
| OFFICER DAVIDRICE and UNKNOWN | § | |
| TDCJ, OIG AND BPP DEFENDANTS A-Z | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.  Before the Court is Plaintiff Joseph Kent McGowen's complaint. McGowen, proceeding pro se, has paid the full filing fee for this case.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, McGowen was confined in the  Pack Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. McGowen was convicted of murder and was sentenced to 20 years in prison.  McGowen, a Harris County Deputy Sheriff,  shot and killed a woman in her home while he was executing a warrant for

her arrest on August 25, 1992. <u>McGowen v. State</u>, No. 01-02-00416-CR (Tex. App. – Houston [1st Dist.] 2003, pet. ref'd). McGowen insists he is innocent.

McGowen's complaint and its attachments are nearly 500 pages and chronicle McGowen's stay in various units of the Texas Department of Criminal Justice - Correctional Institutions Division from approximately 2007 to present and includes a history of his parole reviews. McGowen names 51 defendants located throughout the state of Texas. After consideration of the complaint, the Court determined McGowen improperly joined defendants in his single complaint. Accordingly, the Court severed McGowen's claims into four lawsuits. The claims remaining in this lawsuit relate to his parole reviews and are brought against Defendants Rissie Owens, Timothy McDonnell, Elvis Hightower, Trenton Marshall, David Gutierrez, Romulo Chavez, Roy Garcia, James Gillespie, David Rice, and Unknown TDCJ, OIG, and BPP Defendants A-Z. McGowen seeks a declaratory judgment, a preliminary and permanent injunction, compensatory damages, and punitive damages.

McGowen alleges Rissie Owens, Chairperson of the Texas Board of Pardons and Paroles, is responsible for all actions, crimes, abuses, and civil rights violations committed by her subordinates, because she is in direct command and control of them. According to McGowen, he and his father notified Owens of illegal actions taken by James Gillespie, Romulo Chavez, Roy Garcia, Elvis Hightower, Trenton Marshall, David Gutierrez, and Timothy McDonnell. Despite this notice, McGowen complains Owens failed to act. McGowen also alleges Owens allowed David Rice to interfere with McGowen's parole process. McGowen accuses Owens of denying him due process and equal protection of the laws, which led to McGowen being denied parole.

With regard to Timothy McDonnell McGowen alleges he was the acting Board Administrator of the Board of Pardons and Paroles and was legally responsible for enforcing and obeying all

applicable laws, codes, rules, regulations, policies, procedures, and directives pertaining to the Board of Pardons and Paroles and the parole process of all TDCJ inmates. Similar to his claims against Owens, McGowen also holds McDonnell responsible for the actions of his subordinates. McGowen also complains McDonnell forwarded McGowen's request for "Special Review" to Romulo Chavez rather than sending it to another region.

McGowen claims Elvis Hightower, Board Member of the Board of Pardons and Paroles in the Gatesville Division, is also responsible for his subordinates. According to Plaintiff, Hightower was the lead voter in McGowen's 2011 parole process. Hightower allegedly imposed a three-year set-off when he voted to deny McGowen parole. McGowen argues he could not lawfully be set-off for more than two years. McGowen exclaims he and his family were "tipped off" by someone with personal and intimate connections within the Board of Pardons and Paroles that McGowen had received an illegal three-year set-off. McGowen claims his three-year set-off was subsequently reduced to two years. McGowen asserts that Trenton Marshall, Board of Pardons and Paroles Commissioner in the Gatesville Division, was the second voter in Plaintiff's 2011 parole process. McGowen alleges Marshall and Hightower conspired to impose an illegal three-year set-off. McGowen also asserts that David Gutierrez, another Board of Pardons and Paroles Commissioner in the Gatesville Division, was the third voter in Plaintiff's 2011 parole process, and sues Gutierrez for illegally imposed a three-year set-off.

McGowen also names as a defendant Romulo Chavez, a Board of Pardons and Paroles Commissioner later promoted to a Board Member. McGowen claims Chavez voted to deny McGowen parole on February 7, 2014. McGowen contends Chavez, a former Houston Police

3

Officer, has far too much personal interest in McGowen's criminal case to effectively and reliably serve as a parole voter in McGowen's case.

With regard to Roy Garcia, Board of Pardons and Paroles Commissioner for the Huntsville Division, McGowen asserts Garcia was the lead voter in McGowen's 2014 parole review. McGowen suggests Garcia unjustly, undeservedly, unlawfully, maliciously, and vindictively denied McGowen parole.  McGowen contends Garcia is part of a conspiracy to deny McGowen parole.

McGowen also sues James Gillespie, Institutional Parole Officer for the Pack Unit. McGowen claims he gave Gillespie three "decision-swaying documents" to place in McGowen's parole file but Gillespie failed to do so.  McGowen also alleges Gillespie lied to McGowen when McGowen asked him about David Rice.  McGowen contends Gillespie is part of the conspiracy to deny him parole.

With regard to McGowen's claims against David Rice, Board of Pardons and Paroles Parole Officer for Region III, McGowen asserts Rice has illegally influenced and interfered with McGowen's parole process.  McGowen explains Rice was a defendant in McGowen's previously filed civil rights complaint in the Houston Division of the Southern District of Texas in Cause No. H-09-3870.  McGowen believes the interference with his parole process has been done in retaliation for the previously filed civil rights lawsuit.

## DISCUSSION AND ANALYSIS

A.    Review Pursuant to 28 U.S.C. § 1915A

Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A.  On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may

be granted or seeks monetary relief from a defendant who is immune from such relief. See Martin v. Scott, 156 F.3d 578 (5th Cir. 1998). When reviewing a plaintiff's complaint, the court must construe the allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

> B.   2011 Parole Review

McGowen's claims regarding his 2011 parole review are time-barred. There is no federal statute of limitations for § 1983 actions. Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50 (1989). In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. Piotrowski, 51 F.3d at 516.

In McGowen's Exhibit B-4, he acknowledges he learned of the allegedly illegal three-year set-off on August 26, 2011. However, McGowen did not file his civil rights complaint until December 10, 2014, when it was hand-delivered to the Clerk's Office. Accordingly, McGowen's complaint regarding his 2011 parole review was filed more than a year after the limitations period expired. Therefore, McGowen's claims regarding his 2011 parole review are time-barred.

C.    2014 Parole Review

1.    *Eleventh Amendment Immunity*

To the extent McGowen sues the defendants in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign.   Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984).  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states.  Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990).  The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury.  Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

2.    *Absolute Immunity*

The defendants who voted on McGowen's parole in 2014 are also protected by absolute immunity.  See Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995). Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers.  Id.  Accordingly, Defendants Chavez and Garcia are protected by absolute immunity.

3.    *Supervisory Liability*

The allegations against Rissie Owens are based on theories of respondeat superior and/or supervisory liability.  Neither theory is sufficient to support a claim under § 1983.  Rather, "[p]ersonal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) (citation omitted).  Supervisors must either actively participate in the acts complained of or implement unconstitutional policies that result in injury.

6

Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992). Similar to the claims against Owens, McGowen seeks to also hold McDonnell responsible for the actions of his subordinates.  As explained above, this is insufficient to support a claim under § 1983.

              4.     *Due Process*

McGowen also alleges McDonnell forwarded McGowen's special review request to Chavez, who refused it.  In addition, McGowen alleges McDonnell ignored McGowen's subsequent requests for special review.  McGowen further alleges Gillespie had an animus against McGowen and failed to include certain papers in McGowen's parole file.  McGowen also alleges Gillespie lied to him about Rice's position with the Parole Board.  Relatedly, McGowen asserts Gillespie "strongly suggested" Rice was the "person 'within the system' who is illegally making negative contacts which are preventing" his release to parole.  McGowen concludes these and other actions violated his rights to due process.

To the extent McGowen contends the denial of parole violated his rights to due process his claims fail.  As explained by the Fifth Circuit, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest."  Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 522 U.S. 995 (1997) (citations omitted).  Because Texas prisoners have no constitutionally protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds.  Id. (citations omitted).  In Johnson, the Fifth Circuit concluded Johnson's allegations that the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation.  Id.  "[I]n the absence of a cognizable liberty

7

interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." Id. at 309 n.13. Because McGowen has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995).

### 5. *Equal Protection*

McGowen contends the same actions described above with regard to his parole review violate his right to equal protection. A violation of equal protection occurs only when the governmental action in question "classif[ies] or distinguish[es] between two or more relevant persons or groups[,]" Brennan v. Stewart, 834 F.2d 1248, 1257 (5th Cir.1988), or when a classification impermissibly interferes with a fundamental right. Hatten v. Rains, 854 F.2d 687, 690 (5th Cir.1988). A "fundamental right," for purposes of equal protection analysis, is one that is "among the rights and liberties protected by the Constitution." San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 29 (1973).

McGowen does not identify any similarly situated prisoners, nor does his allegations show he was intentionally treated differently from other prisoners absent a rational basis. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Vague and conclusional allegations that a prisoner's equal protection rights have been violated are insufficient to raise an equal protection claim. Pedraza v. Meyer, 919 F.2d 317, 318 n.1 (5th Cir. 1990).

### 6. *Retaliation*

McGowen contends the denial of his parole is part of a conspiracy to retaliate against him for the civil rights lawsuit he filed in the Houston Division of the Southern District of Texas in 2009 against various prisoner officials. On June 20, 2012, the District Judge in the Houston case granted

summary judgment on several of McGowen's claims and dismissed the rest pursuant to 28 U.S.C. § 1915A. McGowen filed an untimely notice of appeal, and his appeal was dismissed. McGowen v. Livingston, No. 12-20533 (5th Cir. 2013).

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324–25 (5th Cir. 1999). "Mere conclusionary allegations of retaliation" are insufficient. Id. at 325. A prisoner must either "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred." Id. (quoting Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citing Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995)).

McGowen fails to allege facts sufficient to support a claim that he was denied parole in retaliation for his 2009 civil rights lawsuit. Specifically, McGowen fails to plead anything other than bare conclusory to demonstrate that the denial of parole was the result of an intent to retaliate against him for his 2009 suit.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant

monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ

- Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of February, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

11